IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00599-MR

| | |
|---|---|
| GEORGE VICTOR STOKES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| U.S. MARSHALS SERVICE, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Plaintiff's Petition for Writ of Mandamus [Doc. 1], and on Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 4].

*Pro se* Petitioner is a prisoner in the custody of the North Carolina Department of Public Safety at the Central Prison. Petitioner filed this mandamus action pursuant to 28 U.S.C. § 1361. He asks the Court to compel the U.S. Marshals Service to issue a final determination on an administrative tort claim pursuant to 28 U.S.C. § 2675(a). [Doc. 1].

Petitioner alleges that he was beaten while he was a pretrial detainee at the Cherokee County Detention Center on May 2, 2018, and that the U.S. Marshals Service failed to prevent the incident. Petitioner alleges that he

mailed an administrative claim to the Marshals Service pursuant to § 2675(a) on July 6, 2018, and a follow-up letter on September 25, 2020, but that he has received no response. [See Doc. 1 at 7, 8]. Petitioner asks the Court to issue a writ of mandamus compelling the Marshals Service to issue a final determination of his administrative claim.

The Prison Litigation Reform Act (PLRA) contains a three-strikes provision that prevents a prisoner from bringing a "civil action" or appeal if the prisoner has, on 3 or more prior occasions, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is "frivolous, malicious, or fails to state a claim upon which relief may be granted…." 28 U.S.C. § 1915(g); see Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020) (any of the types of dismissals enumerated in § 1915(g) count as a strike, "whether [the dismissals are] with prejudice or without."). PLRA does not define "civil action" and the Fourth Circuit has not determined whether § 1361 mandamus petitions qualify as such. See Banks v. Hornak, 698 F. App'x 731, 738-39 (4th Cir. 2017) (declining to resolve the issue). However, PLRA's application to a mandamus petition can be determined based on whether the underlying litigation is within the scope of the PLRA. Id. If the underlying litigation is civil prisoner litigation, PLRA applies, whereas PLRA does not apply to criminal matters. Id.; see In re Nagy, 89

F.3d 115, 117 n.1 (2d Cir. 1996) ("Whether the PLRA applies to a writ of mandamus directed to a judge conducting a civil lawsuit would normally depend on whether the writ was simply an alternative device for obtaining the relief sought in civil actions that are covered by the PLRA."). To avoid application of the three-strikes bar, a prisoner must demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Meyers v. Comm'nr of Soc. Sec. Admin., 801 F. App'x 90, 96 (4th Cir. 2020) (the alleged danger must be close at hand and must have a nexus to the underlying allegations).

The instant case is a "civil action" for purposes of PLRA because the mandamus petition addresses a prisoner tort claim to which PLRA would apply. See Banks, 698 F. App'x at 739 (mandamus petition under § 1361 was not a "civil action" under the PLRA because petitioner did not seek relief in preexisting criminal proceedings, rather, he sought to compel new proceedings to investigate his allegations against a group of government officials and for disclosure of electronic surveillance allegedly related to him); Meyers, 801 F. App'x at 90 (applying PLRA to a mandamus appeal, but allowing petitioner to proceed under the imminent danger exception); In re Kissi, 652 F.3d 39, 41 (D.C. Cir. 2012) (finding that § 1915(g) applies to mandamus petitions filed in connection with underlying civil cases); In re

3

Tyler, 110 F.3d 528, 529 (8th Cir. 1997) (mandamus petition arising from an ongoing civil rights lawsuit falls within the PLRA). Petitioner cannot avoid application of the PLRA by seeking mandamus relief rather than filing a complaint.

Plaintiff has filed at least three prior civil actions that count as strikes under § 1915(g): Stokes v. Watson Wrecker Svc., No. 1:10-cv-00284-JAB-WWD (M.D.N.C. Nov. 19, 2010) (dismissing under § 1915(e)(2) as frivolous or for failure to state a claim); Stokes v. Newton, No. 1:11-cv-00801-JAB-PTS (M.D.N.C. Jan. 31, 2012) (dismissing for failure to state a claim under 28 U.S.C. § 1915A); Stokes v. Mitchell, No. 1:17-cv-00067-FDW (W.D.N.C. June 16, 2017) (dismissing as frivolous and malicious); Stokes v. Herring, No. 5:19-cr-03260-D (E.D.N.C. Oct. 15, 2019) (dismissing as frivolous under § 1915(e)(2)(B)).

Petitioner is subject to the three-strikes provision, has not prepaid the filing fee, and has failed to demonstrate that he is in imminent danger of physical harm. Therefore, he may not proceed *in forma pauperis* pursuant to § 1915(g) and the Court will dismiss the Petition for Writ of Mandamus without prejudice.

**IT IS, THEREFORE, ORDERED** that the Petition for Writ of Mandamus [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

4

Case 3:20-cv-00599-MR   Document 5   Filed 12/08/20   Page 4 of 5

**IT IS FURTHER ORDERED** that Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 4] is **DENIED**.

The Clerk of Court is respectfully instructed to add Petitioner to the Filer Status Report in CM-ECF and close this case.

**IT IS SO ORDERED.**

Signed: December 7, 2020

Martin Reidinger
Chief United States District Judge

5

Case 3:20-cv-00599-MR   Document 5   Filed 12/08/20   Page 5 of 5