IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00599-MR

| | |
|---|---|
| GEGORGE VICTOR STOKES, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>U.S. MARSHAL SERVICE, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's *pro se* "Judicial Notice" [Doc. 7] that is liberally construed as a Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

The incarcerated Petitioner filed the instant action pursuant to 28 U.S.C. § 1361 without prepaying the filing fee. [Docs. 1, 2]. On December 8, 2020, the Court dismissed this action without prejudice because the Petitioner has filed at least three prior civil actions that count as strikes pursuant to 28 U.S.C. § 1915(g). That provision provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [Section 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

> which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In its Judgment, the Court noted the following prior dismissals: <u>Stokes v. Watson Wrecker Svc.</u>, No. 1:10-cv-00284-JAB-WWD (M.D.N.C. Nov. 19, 2020) (dismissing under § 1915(e)(2) as frivolous or for failure to state a claim); <u>Stokes v. Newton</u>, No. 1:11-cv-00801-JAB-PTS (M.D.N.C. Jan. 31, 2012) (dismissing for failure to state a claim under 28 U.S.C. § 1915A); <u>Stokes v. Mitchell</u>, No. 1:17-cv-00067-FDW (W.D.N.C. June 16, 2017) (dismissing as frivolous and malicious); <u>Stokes v. Herring</u>, No. 5:19-ct-03260-D (E.D.N.C. Oct. 15, 2019) (dismissing as frivolous under § 1915(e)(2)(B)). [Doc. 5].

The Petitioner has now filed a document entitled "Judicial Notice," dated August 16, 2021, in which he asserts that <u>Stokes v. Watson</u> and <u>Stokes v. Herring</u> do not qualify as "strikes" under § 1915(g). [Doc. 7]. This document will be liberally construed as a Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60 permits a court to relieve a party from a "final judgment, order, or proceeding" under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted).

First, the Petitioner contends that Stokes v. Herring should not count as a strike because he filed a "criminal accusation" in that case, and not a civil action. [Doc. 7 at 2]. The Middle District of North Carolina docketed Stokes v. Herring as a civil rights action pursuant to 42 U.S.C. § 1983 and

3

dismissed it as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Petitioner sought reconsideration in the Middle District, arguing *inter alia* that he had not filed a § 1983 action. [5:19-ct-03260 Doc. 6]. Reconsideration was denied and Petitioner did not appeal. [5:19-ct-03260 Doc. 7]. Petitioner's contentions that the Middle District erred by failing to honor the "criminal accusation" title he assigned to his complaint or that this Court should characterize it as a criminal action notwithstanding the Middle District's judgment are unavailing. See generally Caldwell v. U.S. Dep't of Ed., 816 F. App'x 841, 842 (4th Cir. 2020) ("it is the substance of [*pro se*] pleadings, rather than their labels, that is determinative."); Ras-Selah: 7 Tafari: El v. Glasser and Glasser PLC, 434 F. App'x 236, 236 (4th Cir. 2011) ("A private person may not initiate a criminal action in the federal courts."); 28 U.S.C. § 1291 (the courts of appeals have jurisdiction over appeals from all final decisions of the district courts). In any event, Section 1915(g) assigns a strike when "an action" is dismissed for certain reasons including frivolity. The Petitioner has failed to establish that Stokes v. Herring does not meet that standard.

Second, the Petitioner asserts that Stokes v. Watson should not count as a strike because he was not incarcerated when he filed that action.[1]

---

[1] The docket for Stokes v. Watson lists the Petitioner's address of record as North

4

Assuming *arguendo* that Stokes v. Watson is not a "strike" for purposes of § 1915(g), he still has at least three other dismissals that so qualify, warranting dismissal under § 1915(g).

Accordingly, the Petitioner has failed to demonstrate that he is entitled to relief from the Court's December 8, 2020 Judgment, and the present Motion is denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's *pro se* "Judicial Notice" [Doc. 7] is construed as a Motion for Relief from Judgment and is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 26, 2021

Martin Reidinger
Chief United States District Judge

---

Carolina's Central Prison.